# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND HILL, | CASE NO. 1:09-cv-01202-LJO-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM FOUND TO BE COGNIZABLE, WITHIN THIRTY DAYS |
| v. | |
| SHERIFF MARGRETT MIMS, et al., | |
| Defendants. | (Doc. 3) |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Raymond Hill, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 13, 2009.  On the same day, Plaintiff submitted an amended complaint.  A complaint must be complete within itself without reference to other pleadings, and the submission of the amended complaint superceded the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 220.  Therefore, only the amended complaint will be considered by the Court.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under federal notice pleading, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Factual allegations are accepted as true but legal conclusion are not, and Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50; Moss at 969.

## II. Plaintiff's Claims

### A. Claim Against Defendant Ah and Jail Staff

Plaintiff alleges that on February 26, 2009, while he was housed at the Fresno County Jail, he was seen by Defendant Ah, a physician, for severe lower back pain. Defendant Ah felt Plaintiff's lower back, and then grabbed and fondled Plaintiff's genitals, which Plaintiff alleges had nothing to do with his lower lumbar or nerve problems. Plaintiff terminated the visit and filed a grievance.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.[1] Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those

---

[1] Plaintiff's status on February 26, 2009, is not clear from the complaint. If Plaintiff was a pretrial detainee at the time of the incident, the Due Process Clause rather than the Eighth Amendment applies to Plaintiff's claim. However, the legal standard applicable to Eighth Amendment claims is borrowed and applied to detainees' claims arising from their conditions of confinement, as it provides the minimum standard of care to which detainees are entitled. Conn v. City of Reno, 572 F.3d 1047, 1054 (9th Cir. 2009); Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1216 (9th Cir. 2009). Therefore, the Court's findings in this order do not require resolution of the issue of whether Plaintiff was a convicted prisoner or a pretrial detainee.

deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The sexual abuse of an inmate by jail employee clearly violates the Eighth Amendment. Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000).

Plaintiff's allegations are sufficient to state a claim against Defendant Ah for violation of the Eighth Amendment. However, Plaintiff may not pursue a claim against "all jail medical staff." (Doc. 3, Amend. Comp., § III.) Plaintiff's amended complaint is limited to describing actions taken by Defendant Ah. Absent the presentation of facts attributing acts or omissions which violated Plaintiff's rights to other parties, Plaintiff may not pursue any additional claims for relief. Iqbal at 1949-50; Moss at 969. Further, in no event is a claim against a group such as "all jail medical staff" appropriate. Defendants may only be held liable under section 1983 based on their personal involvement in the violation of Plaintiff's rights, and supporting such a claim requires the presentation of facts identifying what *each* named defendant did or did not do that led to the violation of Plaintiff's rights. Id.

### B.   Claim Against Defendant Mims

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Defendant Mims is the Sheriff for the County of Fresno. The amended complaint sets forth no allegations against Defendant Mims. It appears from Plaintiff's original complaint that he intended to base his claim against Mims on the allegation that as the sheriff, she is responsible for ensuring that inmates are provided with proper medical treatment. Although no such facts are set forth in the amended complaint, Plaintiff's claim against Defendant Mims would fail even if the amended complaint included those facts. Defendant Mims may not be held liable for Defendant Ah's actions simply because she is the sheriff. Taylor, 880 F.2d at 1045.

### C. Relief Sought

In addition to money damages, Plaintiff seeks an injunction terminating Defendant Ah from his position.

Federal courts are courts of limited jurisdiction and in considering a request for equitable relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

"[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). When there no longer "'exists a present controversy as to which effective relief can be granted,'" the request for relief is moot, "preempt[ing] any determination on the merits." S.E.C. v. Gemstar-TV Guide Int'l, Inc., 367 F.3d 1087, 1091 (9th Cir. 2004) (quoting Village of Gambell v. Babbitt, 999 F.d 403, 406 (9th Cir. 1993)).

///

The incident at issue in this action occurred on February 26, 2009.  The case or controversy requirement cannot be met with respect to equitable relief in light of the fact that the claim in this action is confined to a past incident at the jail.  Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998).  Therefore, this action may properly proceed as one for damages only.

### III.   Conclusion and Order

Plaintiff's amended complaint states a claim against Defendant Ah for violation of the Eighth Amendment, but does not state any other claims for relief under section 1983.  The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only against Defendant Ah, Plaintiff may so notify the Court in writing, and the other defendants will be dismissed for failure to state a claim against them.  Plaintiff will then be provided with one summons and one USM-285 form for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Ah.

If Plaintiff opts to amend, his second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).  The mere possibility of misconduct is insufficient to state a claim.  Iqbal at 1950.  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth, 114 F.3d at 1474; King, 814 F.2d at 567, and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which

///

are not alleged in an amended complaint are waived." <u>King</u> at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u> at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File a second amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file a second amended complaint and is willing to proceed only against Defendant Ah; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   December 22, 2009**                       /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE